## Louis Brandes, Appellee, v. Edna Dressel et al., Defendants.

## On Appeal of Edna Dressel et al., Appellants.

## Gen. No. 18,277.

1. CHANCERY—*what decree does not supersede jurisdiction of probate court of another state.* A decree of the circuit court that complainant, an attorney, is entitled to and has a lien for services, etc., on the shares of certain persons to whom shares of an estate were apportioned by the probate court of a foreign state, and which are now in the hands of an administratrix, does not dispose of or supersede the jurisdiction of such probate court as to its order of distribution, where the rights of the attorney were not adjudicated in the probate court, and the administratrix of the estate appears and confesses the allegations of the petition that by contract complainant was to receive a certain share if his services were successful.

2. CHANCERY—*what decree does not undertake to annul conveyance of land in another state.* A decree does not undertake to annul a conveyance of land in another state where such decree finds that no consideration was given for the execution of a certain quitclaim deed and that it was executed for the sole purpose of defrauding complainant.

3. CONTRACTS—*what fair and not champertous.* It cannot be said that a contract for attorney's services was unfair and champertous where the decree of the trial court finds that the amount claimed is usual and reasonable, the relation of attorney and client did not exist when the contract for services was made, the attorney did not undertake to pay any costs of the proceedings prosecuted by him, and paid no costs.

4. CHANCERY—*when decree of circuit court does not purport to operate beyond county.* A decree awarding complainant a lien for services as an attorney on certain shares of distributees in the hands of the administratrix of an estate being administered in a foreign state does not purport to operate beyond the county.

Appeal from the Circuit Court of Cook county; the HON. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed with statutory damages. Opinion filed May 29, 1913.

ENOCH HARPOLE, for appellants.

LOUIS BRANDES, *pro se,* and JOSEPH D. IROSE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The appellee, Louis Brandes, an attorney at law in Cook county, Illinois, filed a bill in chancery, to which the defendants Edna Dressel, John Hart and Enoch Harpole (appellants here) demurred. The other defendant named in the bill, Emma Bone, administratrix, filed an answer admitting the allegations of the bill. The chancellor overruled the demurrers, and appellants abiding by the same a decree was entered in accordance with the prayer of the bill, from which the appellants aforesaid have appealed.

The facts involved are set forth in the decree, which was responsive to the allegations of the bill, and are substantially as follows: On April 27, 1911, Louis Brandes, being a licensed practicing attorney of Chicago, was retained by Edna Dressel and John Hart, of the same city, to prosecute proceedings to secure their rights in the estate of Stephen Bone, deceased, of Mercer county, Ohio. Thereupon contracts were entered into between the said Brandes, on the one hand, and Dressel and Hart on the other, wherein they assigned to Brandes for his services and expenses one-third of their interest in such final decree as should be rendered in their favor in said proceedings, and to such share and portion of the sale of premises as should be apportioned to them by the courts of Mercer county, Ohio; that said Brandes attended to and prosecuted proceedings to secure their rights, and advanced money to them, and incurred expense in going from Chicago to Mercer county, Ohio, to represent them in the proceedings in the probate court of Mercer county and on an appeal from the decree rendered by said court to the common pleas court of said county; that his services were successful and a final decree was

rendered establishing their rights and claims, and that the lands of said estate were sold pursuant to said final decree on September 12, 1911; that the proceeds of said sale were $7,325, which were in the hands of Emma Bone, administratrix, subject to payment and distribution as said probate court of Mercer county, Ohio, should direct.

The decree further found that neither Edna Dressel nor John Hart had paid Brandes for his services or money advanced, and that the total amount provided for in the contracts was due and unpaid; that they have no property except their interest in the estate of Stephen Bone from which Brandes could collect, and that complainant is entitled to and has a lien for his said services and for money advanced by him upon the shares and interests of said Edna Dressel and said John Hart in the proceeds of said sale of land. now in the hands of said administratrix.

The decree further finds that after the entry of the final decree in the Common Pleas Court of Mercer county, Dressel and Hart notified Emma Bone, administratrix, that Brandes was discharged as attorney, and that Enoch Harpole, one of the appellants herein, an attorney of Chicago, was then representing them. The court further found that after said final decree said Harpole claimed that Dressel and Hart executed and delivered to said Harpole on or about September 7, 1911, a quitclaim deed purporting to convey to said Harpole all the right of said Dressel and Hart, but the court further found "that no consideration for the execution of said pretended deed was given to said Dressel and Hart, or to either of them, by the said Harpole; and the court further finds that the said deed was executed and said notice given to the said administratrix by said Harpole, Dressel and Hart, for the sole purpose of defrauding the complainant of his rights and interests in the said contract between said complainant and said Dressel and Hart."

The court further found that at the time of the discharge of Brandes, and at the time said deed was given to Harpole, there was no further need of legal services to secure the rights and interests in the proceeds of said sale for Dressel and Hart, and that Dressel, Hart and Harpole knew that no further service was required.

The court further found that the share of Edna Dressel in the said proceeds was $1,393.66, and that Hart's share was $400.16, and that all the court costs had been paid.

The court decreed that Brandes was entitled to one-third of said share of Edna Dressel, and to one-third of said share of John Hart.

Many points are made by appellants as grounds for a reversal, which do not require any extended discussion. It is argued that the probate court of Mercer county, Ohio, having jurisdiction, the circuit court of Cook county should not interfere by assuming to dispose of funds in the hands of the administratrix. It is a sufficient reply to say that the decree does not dispose of or supercede the jurisdiction of the probate court of Mercer county, Ohio, as to its order of distribution. The rights of Brandes were never adjudicated in the probate court, but the administratrix of the estate has appeared in this court and confesses the allegations of the petition.

It is also claimed that a court of one state cannot decree that a conveyance of land in another state is fraudulent and void, or annul the deed. Inspection of the decree entered herein shows that it does not undertake to annul any conveyance of land.

As to the point of good faith and fairness between attorney and client, and the claim that the contracts in question are champertous, it is a sufficient reply to say that the relation of attorney and client did not exist when the agreements for services were made, and that the attorney did not undertake to pay any costs of

the proceedings in Mercer county, and paid no costs. The decree also finds that the amount claimed by Brandes "is the usual, ordinary, reasonable fee of attorneys for like services."

As to the point that the allegations of the bill do not sustain the decree, it is our opinion that the decree is based upon the allegations of the bill. It is also claimed that the decree is erroneous in that it cannot operate beyond the state in which the jurisdiction was exercised. Inspection of the decree discloses that it does not purport to operate beyond the jurisdiction of the circuit court of Cook county, Illinois. And as to the last point, which is similar to the first, we reply that no order of distribution of the estate of Stephen Bone, deceased, is made by the decree of the circuit court of Cook county.

Concluding as we do, that the criticisms of the decree are not well taken, but that the decree is in accord with justice and right, it will be affirmed.

Appellee has asked for statutory damages on the ground that this appeal has been taken solely for delay. We are of the opinion that this is the fact, and therefore we shall award to appellee as statutory damages the amount of $25, and the decree will be affirmed.

*Affirmed with statutory damages.*